**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4140

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THELONIOUS HINTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.    James R. Spencer, Chief District Judge.  (3:06-cr-00256-001)

Submitted:  August 24, 2007        Decided:  September 20, 2007

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thelonious Hinton entered a conditional guilty plea to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b) (2000); one count of possession of cocaine base, in violation of 21 U.S.C. § 844 (2000); and one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment and having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. 922(g)(1), (9) (2000). On appeal, Hinton asserts that the district court erred in denying his motion to suppress the evidence obtained in the search of his bedroom. He argues that the officers' entry into the backyard of the house without a warrant violated his Fourth Amendment rights, and that the taint of that violation had not dissipated when his mother consented to a search of his bedroom.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Whether consent to a search is voluntary is a factual question determined under the totality of the circumstances and reviewed under the

- 2 -

clearly erroneous standard.  Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004).  The Government has the burden of proving that consent was freely and voluntarily given.  Schneckloth, 412 U.S. at 222.  This court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations.  See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995).  Our review of the record, including the transcript of the suppression hearing, leads us to conclude that the district court did not err in denying Hinton's motion to suppress.

Accordingly, we affirm Hinton's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED